UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY MICHAEL CAULEY, ) | |
|       Petitioner, ) | 3:09-cv-00116-LRH-RAM |
| vs. ) | ORDER |
| JACK PALMER, *et al.*, ) | |
|       Respondents. ) | |

This is a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Jeremy Cauley, a Nevada prisoner. On June 22, 2009, the Court entered an order (docket #8) informing petitioner that it appeared his petition was barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) and that the grounds for relief appeared to be unexhausted. The Court allowed for petitioner to submit points and authorities, and any evidence he may have, to show that he is entitled to some form of equitable tolling that might save his petition from the effect of the statute of limitations, or that his petition was otherwise timely filed. In response to this Court's order, petitioner filed a declaration, alleging all of the relevant dates in which he filed documents in the state courts (docket #10).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Furthermore, the AEDPA limitations period is tolled while a "properly filed application" for post

conviction or other collateral relief is pending before a state court.  28 U.S.C. § 2244(d)(2). The United States Supreme Court has stated that to be properly filed, a petitioner must comply with a state's time limits for filing an application for post conviction or other collateral relief.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing' conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the petition is not "properly filed" under the statute and statutory tolling is not proper).

In the present case, petitioner was convicted on August 25, 2005.  Petitioner did not appeal, therefore his conviction became final on September 24, 2005.  28 U.S.C. § 2244(d)(1)(A); Nev. R. App. P. 4(b)(1).  Petitioner had until September 24, 2006, to file his federal habeas petition unless the time was otherwise tolled.  Petitioner filed a state habeas corpus petition on January 17, 2007. This petition did not toll the time for filing a federal petition, as that petition was filed after the one-year time limitation for filing a federal habeas petition had already expired.  *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already run).  There were no properly filed state applications for post conviction relief pending in state court that could toll the time for filing a federal habeas petition.  The instant federal petition was received in this Court on January 20, 2009.  The federal petition was filed beyond the one-year time limitation contained in the statute, and shall be dismissed as untimely unless petitioner can show that he is entitled to equitable tolling of the limitations period.

The AEDPA one-year limitations period is subject to equitable tolling.  *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288.  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Petitioner has not advanced any meaningful argument relating to why his petition should not be dismissed as untimely filed.

The federal habeas corpus petition was filed beyond the statute of limitations without valid justification for the delay, and thus the Court will dismiss the federal habeas corpus petition.

**Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims. Petitioner's habeas petition was filed beyond the one-year time limitation and petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to a

certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (docket # 9) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 26th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE